**FILED**

JUL 31 2009

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Kwasi Seitu, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. **09 1456** |
| | ) |
| District of Columbia *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of a civil action upon a determination that the Court lacks subject matter jurisdiction).

Plaintiff, a resident of the District of Columbia, sues the municipality, current and former judges of the Superior Court of the District of Columbia and other individuals who allegedly retaliated against him beginning February 1997, after he challenged alleged unlawful acts of the District's "traffic enforcement agency." Compl. at 2 (page numbers supplied). Plaintiff claims that "his vehicle was arbitrarily seized . . . by the District of Columbia Department of Public Works" and sold at public auction "although it pretended to still be in possession of the vehicle." *Id.* In May 1997, plaintiff filed a damages lawsuit in D.C. Superior Court based on the foregoing conduct and "was forced into a purported 'trial'," when that court allegedly refused to enter a default against the District. *Id.* at 3, 5. Presumably plaintiff prevailed, but he refused to cash an $8,000 check the District issued to him because he questioned the Superior Court's jurisdiction

to proceed to trial in light of the District's alleged default. *Id.* at 6 ¶ 22. Plaintiff further alleges that in 2001 or 2002, the District "surreptitiously revoked [his] driving privileges," *id.* ¶ 23, that the Department of Motor Vehicles has refused "to produce the basis" for said revocation or to restore his driving privileges, *id.* ¶ 24, and that the Superior Court "has published and made available on-line, a record listing [him] as a 'Criminal' defendant in seven cases, two of which are listed as 'Felonies' when in fact the Plaintiff has been a defendant in only two misdemeanor cases," *id.* ¶ 25. In addition, plaintiff alleges that he was recently subjected to an unlawful stop, search and seizure, and the filing of a false police report by Metropolitan Police Department Officer Scott Pinto, a named defendant. *Id.* ¶¶ 26-27. Plaintiff alleges that he has appeared three times–the latest on July 7, 2009-- before Superior Court Judge Jennifer Anderson, another named defendant who apparently has refused to dismiss the case plaintiff considers to be a malicious prosecution. *Id.* ¶¶ 29-30. Plaintiff seeks monetary damages exceeding $15 million.

The gravamen of the complaint is a challenge to the rulings of Superior Court judges.[1] Because this Court lacks subject matter jurisdiction to review the decisions (or lack thereof) of another court, *see* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995), the complaint will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/ *signature*
United States District Judge

Date: July 31, 2009

---

[1] To the extent that plaintiff may be asserting a violation of the due process clause, his own allegations establish that he received notice and the opportunity to be heard in the Superior Court, which is all the process the Constitution requires. *See Yates v. District of Columbia*, 324 F.3d 724, 726 (D.C. Cir. 2003) (citing *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). Similarly, plaintiff's dissatisfaction with the Superior Court proceedings belies his claim predicated on the denial of the First Amendment right to access the courts. *See* Compl. at 2.